## Hartford Accident & Indemnity Company v. Bedwell

*Howard D. Venzie, Edward Greenwood* and *Kenneth M. Cushman,* for plaintiff.

*Robert J. Scallan,* for defendant.

PITT, JR. J., April 25, 1973.—Plaintiff, Hartford Accident & Indemnity Company, filed a complaint in assumpsit against Curtiss Bedwell, individually and trading as the Curtiss Company, and Elsie J. Bedwell, his wife. The claim is based upon a general indemnity agreement in which defendants, Curtiss Bedwell and Elsie Bedwell, agreed to indemnify and otherwise hold plaintiff harmless, from and against any and all demands, liability, loss, costs, damage or

expense of whatever nature or kind, including counsel fees which plaintiff should at any time incur or sustain.

The complaint alleges that in reliance on the general indemnity agreement, plaintiff, as surety for Curtiss Bedwell, trading as the Curtiss Company, made, executed and delivered a contract bond in connection with the general construction of a classroom building at West Chester State College. It is further averred that C. W. Corbett & Son, Inc., has instituted suit against plaintiff in this court to October term, 1971, no. 224, alleging breach of the general construction contract by the Curtiss Company with the General State Authority in improper management and general delay of the construction contract. That suit avers loss to plaintiff, C. W. Corbett & Son, Inc., the electrical contractor on that construction job at West Chester State College, caused by the Curtiss Company and seeks recovery against plaintiff herein under the contract surety bond.

Defendants herein filed preliminary objections to the complaint in the form of a motion to strike off the complaint and a demurrer. The preliminary objections are based on claims of defect in the complaint in failure to plead actual loss and failure to plead breach of the contract of indemnity. It is the law in this Commonwealth that a contract to keep harmless and indemnify from all actions, costs, damages or losses, constitutes an agreement of indemnity and that, where an obligation is one of indemnity, plaintiff must set forth in its complaint an averment of actual loss: E. P. Wilbur Trust Co. v. Eberts et al., 337 Pa. 161 (1940); Commonwealth v. Reliance Insurance Co., 20 D. & C. 2d 649 (1959).

Plaintiff's complaint pleads a potential liability in the amount of $105,451.39 that could arise out of the

pending law suit brought by C. W. Corbett & Son, Inc. We think, under the authorities cited, that such a potential liability, pleaded by itself, would be insufficient, but the complaint further avers in paragraph 8 thereof, that plaintiff has incurred attorneys' fees and we believe this to be sufficient averment of actual loss and the preliminary objections are, therefore, overruled.

Since our ruling on these preliminary objections required a review of the complaint, and lest there be any misconception, we recite our notice of paragraph 9 of the complaint which attempts to reserve to plaintiff the right to amend that complaint. We point out the requirements of the Rules of Civil Procedure concerning amendment of a complaint, and in no way have ruled upon or approved any amendments to the complaint.

## ORDER

And now, April 25, 1973, the preliminary objections of defendant are overruled and leave is granted to defendant to file an answer within 30 days of this date.